WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Silvia Elizabeth Colman-Randas,<br><br>Petitioner,<br><br>v.<br><br>John Cantu, et al.,<br><br>Respondents. | No. CV-25-03594-PHX-MTL (ASB)<br><br>**ORDER** |

Petitioner filed a Petition for Writ of Habeas Corpus under § 2241 challenging her immigration detention. (Doc. 1.) The Petition is fully briefed.* (Docs. 12, 15.) For the reasons below, the Petition will be granted.

**I.    Background**

Petitioner is a Guatemalan national who has resided in the United States since 2018. Petitioner was placed in removal proceedings and released on her own recognizance in April 2019. (Doc. 14-1 ¶ 10.) Petitioner's application for asylum was denied, and she was ordered removed from the United States in July 2019. (*Id.* ¶ 14.) Petitioner appealed and the Ninth Circuit has issued a stay of Petitioner's removal while her appeal remains pending. (*Id.* ¶ 25.) Despite the Ninth Circuit's stay, Petitioner was taken into ICE custody on May 15, 2025, and has remained detained since that time, in alleged violation of the Fifth Amendment, the Rehabilitation Act, the Administrative Procedure Act, and the

---

* Petitioner also filed a Motion for Temporary Restraining Order and Preliminary Injunction. Because the Court grants the Petition, the motion for injunctive relief will be denied as moot.

*Accardi* Doctrine. Petitioner requests release from custody.

## II. Revocation of Petitioner's Order of Supervision

In their response, Respondents do not dispute Petitioner was released on an order of release on recognizance and received no process before her subsequent redetention.

The Court notes the growing number of cases holding that individuals like Petitioner who were released from immigration detention on an order of recognizance are entitled to a pre-deprivation hearing before any rearrest or detention as a matter of due process. *See, e.g.*, *J.C.E.P. v. Minga Wofford*, No. 1:25-CV-01559-EFB (HC), 2025 WL 3268273, *6 (E.D. Cal. Nov. 24, 2025) (collecting cases); *Ramirez Clavijo v. Kaiser*, 25-CV-06248-BLF, 2025 WL 2419263, at *6 (N.D. Cal. Aug. 21, 2025) ("Petitioner thus has shown a likelihood of success on the merits of her claim that she is entitled to a pre-deprivation hearing before a neutral decisionmaker prior to any re-arrest or detention under the Due Process Clause."); *Singh v. Andrews*, 1:25-CV-00801-KES-SKO (HC), 2025 WL 1918679, at *8 (E.D. Cal. July 11, 2025) ("On balance, the *Mathews* factors show that petitioner is entitled to process, and that process should have been provided before petitioner was detained.").

Respondents also do not address the three-pronged test described in *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). *Mathews* explains "[t]he fundamental requirement of [procedural] due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Id.* at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). To determine whether procedural protections satisfy the Due Process Clause, courts consider three factors: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Id.* at 335.

As to the first factor, "[f]reedom from imprisonment — from government custody, detention, or other forms of physical restraint — lies at the heart of the liberty that [the Due

Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992) ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.")); *Hernandez v. Sessions*, 872 F.3d 976, 994 (9th Cir. 2017) ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process.").

As to the second factor, Respondents argue now that Petitioner's release on an order of recognizance was an error, and she is properly subject to mandatory detention. But "the government cannot switch tracks and subject Petitioner[] to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioner[ ] in removal proceedings under section 1229a and released [her] on [her] own recognizance under section 1226(a)." *Valencia Zapata v. Kaiser*, 801 F. Supp. 3d, 919, 936 (N.D. Cal. 2025), *appeal filed*, No. 25-7472 (9th Cir. Nov. 26, 2025). Petitioner remains in traditional removal proceedings under § 1229 and, as a result, she is subject to detention under § 1226 and is not subject to mandatory detention.

Finally, as to the third *Mathews* factor, "[i]f the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). Further, detention hearings in immigration courts are commonplace and impose a "minimal cost." *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). In addition, here, Respondents' interest is even lower because Petitioner was previously released on her own recognizance after immigration officials determined she was not a flight risk or danger to the community, and there is no indication Petitioner violated any condition of her release. *See Pinchi v. Noem*, No. 25-cv-05632-RMI, 2025 WL 1853763, at *2 (N.D. Cal. July 4, 2025).

The Court finds that the *Mathews* factors support finding that Petitioner was entitled to a hearing before she was re-detained. *See J.E.H.G. v. Chesnut*, 1:25-CV-01673-JLT SKO, 2025 WL 3523108, at *14 (E.D. Cal. Dec. 9, 2025) ("[T]he immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to

the community or a flight risk. Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention."). "The only potential injury the government faces is a short delay in detaining [Petitioner] if it ultimately demonstrates to a neutral decisionmaker by clear and convincing evidence that [the] detention is necessary to prevent danger to the community or flight." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1037-38 (N.D. Cal. 2025).

For all these reasons, the Petition will be granted, and Petitioner will be ordered released from custody. The Court clarifies that nothing in this Order prevents Respondents from pursuing Petitioner's rearrest or detention along with a pre-deprivation hearing as a matter of due process.

**IT IS THEREFORE ORDRED** Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to the due process claim in Count One. The rest of the Petition is denied as moot.

**IT IS FURTHER ORDERED** Respondents must immediately release Petitioner from custody under the same conditions that existed before her redetention.

**IT IS FURTHER ORDERED** Respondents must provide a notice of compliance within two business days of Petitioner's release.

**IT IS FINALLY ORDERED** any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 5th day of March, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge